IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| A.K.G., a minor;<br>AUSTIN GUNTER;<br>AARON VANBUSKIRK; and<br>MELISSA GUNTER, next of friend,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF OKLAHOMA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   CIV-23-706-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court is Plaintiff Melissa Gunter's "Motion in Opposition to Dismiss" [Doc. No. 17] which primarily seeks reconsideration of the Court's prior Order [Doc. No. 15].[1] For the reasons set forth in Section I below, Plaintiff's Motion is DENIED.

Plaintiffs Melissa Gunter, Austin Gunter, and Aaron VanBuskirk also filed an Amended Complaint [Doc. No. 16], which was timely under the Court's prior Order [Doc. No. 15].[2] Upon review, and as fully set forth in Section II below, the Court finds the Amended Complaint suffers from the same deficiencies under Federal Rule of Civil

---

[1] Ms. Gunter's Motion does not mention reconsideration of the Order until the request for relief in the very last paragraph. [Doc. No. 17] at 13. Liberally construing Ms. Gunter's Motion, the Court addresses the arguments that relate to the request for reconsideration, but it notes at the outset that most of the Motion consists of factual allegations related to Plaintiff's claims rather than legal arguments for reconsideration. *See id.* at 1-12.

[2] Mr. Gunter and Mr. VanBuskirk were previously dismissed from this action for failure to sign the Complaint [Doc. No. 2] in compliance with Federal Rule of Civil Procedure 11(a). However, because both Plaintiffs signed the Amended Complaint [Doc. No. 16], the Court considers them as parties to this action in its analysis of the Amended Complaint below.

Procedure 8(a) as the prior Complaint [Doc. No. 2]—in addition to new deficiencies—all of which render it subject to dismissal. Accordingly, this action is hereby dismissed without prejudice for failure to comply with Rule 8.

I.      Reconsideration of the Court's Prior Order

   A.      Governing Standard

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Such motions are generally disfavored because the conditions that justify granting a motion to reconsider are rarely present. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances.").

   B.      Dismissed Parties

Ms. Gunter first requests that the Court reconsider its decision to dismiss A.K.G. from this action because A.K.G. is a minor unrepresented by counsel. Mot. [Doc. No. 17]

at 1, 13. Ms. Gunter provides no legal argument in support of her request, and no attorney has entered an appearance on behalf of A.K.G. For these reasons, Ms. Gunter's request to reconsider the Court's dismissal of A.K.G. is DENIED.

On November 20, 2023, Plaintiffs Austin Gunter and Aaron VanBuskirk were dismissed from this action for failure to sign the Complaint in compliance with Federal Rule of Civil Procedure 11(a), and Ms. Gunter moves for reconsideration of that decision. *See* Orders [Doc. Nos. 11, 15]. As a preliminary matter, Ms. Gunter's request is improper because she cannot seek reconsideration on behalf of Mr. Gunter or Mr. VanBuskirk, and the Motion is not signed by either individual.[3] However, both Mr. Gunter and Mr. VanBuskirk signed the Amended Complaint, *see* [Doc. No. 16] at 9, therefore the Court considers both Plaintiffs proper parties in its analysis of the Amended Complaint.

### C.   Ms. Gunter's Motion to Appoint Counsel

Ms. Gunter seeks reconsideration of the portion of the Court's Order [Doc. No. 15] denying her Motion to Appoint Counsel [Doc. No. 8]. She relies in part on 25 U.S.C. § 1912(b), a provision of the Indian Child Welfare Act ("ICWA") that provides for appointment of counsel in certain cases. Mot. [Doc. No. 17] at 13. However, Ms. Gunter's new reliance on § 1912 is not appropriate in a motion for reconsideration because it is an "argument[] that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. Further, even if considered, § 1912(b) affords no right to counsel here because it

---

[3] *See Davis v. Schmidt*, No. 21-3050, 2021 WL 6102096, at *3 (10th Cir. Dec. 23, 2021) ("a pro se litigant . . . is not entitled to assert claims on behalf of others."); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").

plainly applies to any "removal, placement, or termination proceeding[,]" and this case meets none of those criteria. *See Whirlwind v. Washington Cnty. Ct.*, No. 3:18-CV-00832-HZ, 2018 WL 6070761, at *3 (D. Or. Nov. 16, 2018) ("Plaintiff is not entitled to court-appointed counsel under the ICWA because this is not a removal, placement, or termination proceeding.").

Beyond her reference to § 1912, Ms. Gunter's only discernable argument for reconsideration of her Motion to Appoint Counsel relates to the fact that the Court found her Complaint subject to dismissal for failure to comply with Rule 8(a). *See* Mot. [Doc. No. 17] at 10.[4] Ms. Gunter essentially argues counsel should be appointed because she has been unable to file a complaint which complies with Federal Rule of Civil Procedure 8(a). *See id.* This argument does not change the Court's conclusion regarding appointment of counsel.[5]

First, despite filing two complaints, Ms. Gunter has not met her initial burden to show "there is sufficient merit to [her] claim[s] to warrant" appointment of counsel. *Hill*

---

[4] Ms. Gunter vaguely refers to a "motion to show cause for injunction" she contends she included in her Motion to Appoint Counsel. *See* Mot. [Doc. No. 17] at 1; *see also* Mot. to App. Counsel [Doc. No. 8] at 1. To the extent Ms. Gunter intended to seek injunctive relief, the Court's rules required her to do so by separate motion. *See* LCvR7.1(c) ("[e]ach motion filed shall be a separate document"). Even if properly before the Court, Ms. Gunter's request in no way complied with Federal Rule of Civil Procedure 65, and it sought to injunctive relief against a school district which was not a party to this action. As such, Ms. Gunter's "motion to show cause for injunction" was procedurally improper and has no relevance to the Court's decision on her Motion to Appoint Counsel or her request for reconsideration.

[5] Ms. Gunter's argument primarily relates to her ability to present her claims, but any alleged inability to present her claims "could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. However, because Ms. Gunter appears pro se, the Court considers her argument to the extent it pertains to the Order [Doc. No. 15] entered after her Motion [Doc. No. 8] was filed.

*v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The deficiencies in the Amended Complaint (discussed in Section II below) leave the Court unable to discern what claims are asserted, whom the claims are asserted against, and what relief is sought. As such, the Court is unable to determine whether Plaintiffs' claims may have merit, and Ms. Gunter has not met her initial burden.

Further, Ms. Gunter has not demonstrated she is unable to provide a short and plain statement of her claims, and numerous factors indicate otherwise.  For example, Ms. Gunter has filed multiple motions which are much more concise than her Complaint and her Amended Complaint.  *See* [Doc. Nos. 7, 8, 17].  Perhaps most importantly, Ms. Gunter's Motion for reconsideration cites numerous cases discussing pleading standards under Rule 8, many of which are directly applicable to the issues with her pleadings.  Mot. [Doc. No. 17] at 6-7.  This apparent ability to perform basic legal research and cite relevant authorities further suggests Ms. Gunter is capable of presenting her claims.  Ultimately, Court finds there is a distinction between Ms. Gunter's ability to present her claims and her efforts to comply with Rule 8.[6]

---

[6] Numerous decisions within the Tenth Circuit have likewise denied motions to appoint counsel while also finding the operative complaint was insufficient under Rule 8 or otherwise unable to survive dismissal.  *See, e.g., McCoy v. Co Dept of Hum. Servs.*, No. 15-CV-00021-GPG, 2015 WL 1064282, at *8 (D. Colo. Mar. 9, 2015) (finding the complaint subject to dismissal for failure to comply with Rule 8 and denying a request for appointment of counsel because the plaintiff "does not demonstrate that she is unable to provide a clear and concise statement of the claims she is asserting."); *Barwick v. Broadway Lofts, LLC*, No. 21-CV-01394-LTB-GPG, 2022 WL 4295336, at *8 (D. Colo. May 23, 2022), *report and recommendation adopted*, No. 21-CV-01394-LTB-GPG, 2022 WL 4295334 (D. Colo. July 15, 2022), *appeal dismissed*, (10th Cir. Oct. 13, 2022) (denying a request for appointment of counsel even though the complaint was insufficient under Rule 8); *Bellamy v. Kansas*, No. 23-3051-JWL, 2023 WL 6961956, at *1 (D. Kan. Oct. 20, 2023) (finding the plaintiff appeared capable of adequately presenting facts and arguments even though his complaint was subject to dismissal).

In sum, Ms. Gunter has not shown this is an "extreme case[] where the lack of counsel" would result in fundamental unfairness. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (affirming denial of a motion to appoint counsel where the plaintiff "failed to demonstrate the existence of any special circumstances such as those in *McCarthy v. Weinberg*, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication").

For all of these reasons, Ms. Gunter's Motion to reconsider the Order denying her Motion for Appointment of Counsel is DENIED.

**II.     The Amended Complaint and Rule 8(a).**

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action for failure to comply with a court order or the Federal Rules of Civil Procedure. *See id*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or the court's orders. *Nasious*, 492 F. 3d at 1161 n. 2 (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

The Court previously entered an Order finding the Complaint [Doc. No. 2] failed to comply with Federal Rule of Civil Procedure 8(a) and specifically describing various deficiencies which needed to be addressed for Plaintiff's claims to survive dismissal. [Doc. No. 15] at 2-5. Those deficiencies included: (1) the failure to provide a short and plain statement of the claim showing Plaintiff is entitled to relief; (2) the failure to clearly explain

6

what each Defendant did and what right each Defendant violated; (3) the failure to identify which claims were asserted on behalf of Ms. Gunter (as opposed to the other Plaintiffs who had been dismissed); and (4) an overall lack of clarity regarding the legal claims Ms. Gunter intended to assert and the specific facts related to each claim. *Id.* Upon review, the Court finds the Amended Complaint [Doc. No. 16] exhibits the same deficiencies—in addition to new and more problematic deficiencies—which warrant dismissal under Rules 41(b) and 8(a).

The Amended Complaint is 425 pages, which is more than 300 pages longer than the original Complaint (exclusive of exhibits), and most of the pages are in reverse chronological order. It includes numerous additional factual allegations over the course of at least 66 pages,[7] which is approximately twice as long as the factual section in the original Complaint. Many of the factual allegations have no apparent relation to this case. *See, e.g.,* Am. Compl. [Doc. No. 16] at 13-26 (setting forth lengthy factual allegations regarding events at various schools where Ms. Gunter was employed, along with employment law claims, even though none of those employers are parties to this action). This is quite the opposite of a "short and plain statement of the claim." Fed. R. Civ. P. 8(a); *see also Mann v. Boatright*, 477 F.3d 1140, 1147–48 (10th Cir. 2007) (finding the plaintiff's "99–page, single-spaced pleading" failed to comply with Rule 8(a) and that alone "would have been sufficient reason to dismiss the complaint.").

---

[7] [Doc. No. 16-2] at 133-173, [Doc. No. 16-3] at 1-26.

The Amended Complaint is also subject to dismissal due to issues regarding the parties to this action. Plaintiffs have attempted to add numerous Defendants, including the City of Shawnee, Oklahoma Governor Kevin Stitt, the United States Department of Treasury, the United States Department of the Interior, and the Pottawatomie County District Court. *See* Am. Compl. [Doc. No. 16] at 1-2. However, none of the allegations mention any of these new Defendants, so it is entirely unclear why they are included in the case caption. The Amended Complaint also continues to assert claims on behalf of A.K.G. even though she has been dismissed from this action. *See, e.g., id.* at 55, 57.

The Amended Complaint is also deficient with respect to the legal claims asserted. Plaintiffs included new citations to statutes and cases which have no apparent application here, such as the Voting Rights Act, the Lanham Act, the Dodd-Frank Act, the Clayton Act, the Sherman Act, and the Emergency and Disaster Assistance Fraud Penalty Enhancement Act of 2007. Am. Compl. [Doc. No. 16] at 2-4. Further, Plaintiffs' legal claims span dozens of pages, with numerous digressions into unnecessary or unrelated quotes from case law, statutes, or other authority. *See, e.g.*, Am. Compl. [Doc. No. 16-2] at 123 (citing numerous cases within the § 1983 claim for violation of the Fourth Amendment); *see also id.* at 123-24 (appearing to quote case law on appellate jurisdiction within the § 1983 claim). These deficiencies make it impossible to be sure what legal claims Plaintiffs intend to assert.

Finally, Plaintiffs' prayer for relief seeks numerous remedies against all "Defendants" without specification as to which ones, and many of the remedies sought are either too unclear to discern or have no application to the facts alleged. *See* Am. Compl. [Doc. No. 16] at 10-11 (appearing to seek class certification, declaratory relief on class-

wide basis, a "historical accounting," restitution for breach of trust responsibilities in "Mineral Management Services," unspecified injunctive relief, and liquidated damages). This too renders the Amended Complaint subject to dismissal under Rule 8(a).

The Tenth Circuit's discussion in *Mann* is equally applicable here, and further explains why dismissal of this action is warranted:

> Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted. Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint. In its sheer length, [the plaintiff] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter . . . It was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [the plaintiff] filed.

*Id*. at 1148 (internal quotation marks and citations omitted). For all these reasons, the Court finds Plaintiff's Amended Complaint should be dismissed without prejudice.[8]

### III.     Consideration of the *Ehrenhaus* Factors

When dismissing a case without prejudice for failure to comply with Rule 8, "a district court may, without abusing its discretion, enter such an order without attention to

---

[8] As a final observation, the Court notes that most of the allegations appear to relate to child custody proceedings in the State of Oklahoma. To the extent that is the case, either the *Rooker-Feldman* doctrine or *Younger* abstention may present obstacles to Plaintiffs' claims. *See Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) (applying *Younger v. Harris*, 401 U.S. 37, 91 (1971) and its progeny to find dismissal was warranted on abstention grounds due to an ongoing state court adoption proceeding surrounding the same subject matter, despite claims made under 25 U.S.C. § 1914); *Mann*, 477 F.3d at 1147 (affirming dismissal of certain claims related to guardianship of the plaintiff's elderly father under the *Rooker-Feldman* doctrine as "inextricably intertwined" with state probate court judgments).

any particular procedures" such as the "*Ehrenhaus* factors."[9]  *Nasious*, 492 F.3d at 1162. However, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired[,]" which may warrant discussion of the *Ehrenhaus* factors.  *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citation omitted).  Given the excessive number of legal claims and the uncertainty as to what claims Plaintiffs intend to assert, the Court is without sufficient information to consider the statutes of limitations for Plaintiffs' claims.

In light of that uncertainty, the Court notes that the *Ehrenhaus* factors have been met in this case.  The first two factors are satisfied because the "wordy and unwieldy" nature of the Amended Complaint is prejudicial to the Defendants and interferes with the judicial process.  *See Nasious*, 492 F.3d at 1163 (finding the first two factors met for the exact same reasons).  The third and fourth factors are likewise met because the Court's prior Order specifically described what Rule 8 requires (as set forth in *Nasious*), listed the defects in the original Complaint, and warned this action would be dismissed without prejudice if Plaintiffs failed to file an amended complaint which complies with Rule 8.  *See* Order [Doc. No. 15] at 3-5; *see also Nasious*, 492 F.3d at 1163 (explaining the third and fourth factors are more likely to be met in this context where the district court provides a clear explanation of what Rule 8 requires).  Finally, the Court has considered the efficacy of lesser sanctions

---

[9] The *Ehrenhaus* factors include the following: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted).

and finds dismissal of this action without prejudice appropriately addresses Plaintiffs' repeated failure to comply with Rule 8.  *See Nasious*, 492 F.3d at 1163 (discussing dismissal without prejudice as a potential lesser sanction).

## IV. Conclusion

IT IS THEREFORE ORDERED as follows:

1. Ms. Gunter's Motion for Reconsideration [Doc. No. 17] is DENIED;

2. Ms. Gunter's "Motion to Vacate" [Doc. No. 18] and Mr. Gunter's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees [Doc. No. 19] are STRICKEN;[10]

3. This action is DISMISSED WITHOUT PREJUDICE.  A separate judgment of dismissal shall be entered contemporaneously herewith.

IT IS SO ORDERED this 19th day of December, 2023.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[10] Ms. Gunter's Motion to Vacate brought pursuant to 28 U.S.C. § 2255 [Doc. No. 18] is improperly filed in this proceeding, and Mr. Gunter's Motion to Proceed on Appeal Without Prepayment of Costs or Fees [Doc. No. 19] is prematurely filed prior to entry of a judgment in this action.