IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA GUNTER<br>AUSTIN GUNTER; and<br>AARON VANBUSKIRK;<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF OKLAHOMA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIV-23-706-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court are five post-judgment motions filed by one or more of the pro se Plaintiffs in this action while their appeals are pending before the Tenth Circuit. *See* [Doc. Nos. 34, 75, 76, 78, and 79].[1]  First, Plaintiff Melissa Gunter filed a Motion for Leave to Appeal in Forma Pauperis [Doc. No. 34].  Second, Plaintiffs Melissa Gunter and Austin Gunter filed an Application for Order Establishing Lost or Destroyed Record [Doc. No. 75].  Third, all three Plaintiffs filed a Motion for Leave to Amend [Doc. No. 76].  Fourth, Plaintiffs Melissa Gunter and Austin Gunter filed a Motion to Withdraw Notice of Removal [Doc. No. 78].  Fifth, Plaintiffs Melissa Gunter and Austin Gunter filed an Application for Certificate of Appealability [Doc. No. 79].  The Court addresses each motion in turn.

---

[1] The Court has repeatedly admonished Plaintiffs that all filings in this case must be signed by all Plaintiffs because they appear pro se.  *See* Order [Doc. No. 47] at 2 n. 2.  Consistent with those prior orders, the Court will treat the motions as brought by only the Plaintiffs who signed them.

I.      **Ms. Gunter's Motion to Proceed in Forma Pauperis [Doc. No. 34]**

Ms. Gunter filed a Motion to Proceed in Forma Pauperis [Doc. No. 34] in relation to her first Notice of Appeal [Doc. No. 32].  Ms. Gunter was approved to proceed in forma pauperis in this action [Doc. No. 9], therefore she "may proceed on appeal in forma pauperis without further authorization" unless the Court certifies "the appeal is not taken in good faith or finds that [she] is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding."  Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  The Court has not previously certified the appeal was not taken in good faith or found Ms. Gunter is not entitled to proceed in forma pauperis, and it declines to so certify or find under the circumstances, particularly where all three Plaintiffs are proceeding in forma pauperis in the consolidated appeals of this matter.[2]  Accordingly, Ms. Gunter's Motion [Doc. No. 32] is GRANTED, and she may continue to proceed in forma pauperis.

II.     **Motion to Withdraw Notice of Removal [Doc. No. 78]**

The Court turns to the Motion to Withdraw Notice of Removal [Doc. No. 78] filed by Plaintiffs Melissa Gunter and Austin Gunter, which is a collateral matter not involved

---

[2] Ms. Gunter filed her Motion [Doc. No. 34] before she and the other Plaintiffs filed the next six Notices of Appeal [Doc. Nos. 39, 40, 41, 56, 57, 58].  Neither Ms. Gunter nor the other two Plaintiffs filed motions to proceed in forma pauperis in relation to those subsequent notices of appeal, and the Court has not previously certified those appeals were not taken in good faith or found Plaintiffs were not entitled to appeal in forma pauperis. As such, Plaintiffs have been "proceed[ing] on appeal in forma pauperis without further authorization."  Fed. R. App. P. 24(a)(3)(A).

2

in or related to the pending appeal because it has no procedural application in this action. *See United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (a district court may address "matters that are [not] comprehended within the appeal"); *see also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (a notice of appeal does not deprive district court of jurisdiction over "collateral matters not involved in the appeal" (quoting *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987))). The Motion to Withdraw Notice of Removal is moot and has no procedural or jurisdictional effect because there is not a proper notice of removal to withdraw: Plaintiffs initiated this action on August 10, 2023 via their Complaint [Doc. No. 2], not a notice of removal.[3] Accordingly, that Motion [Doc. No. 78] is DENIED as MOOT.

### III.     Application for Certificate of Appealability [Doc. No. 79]

The Court next addresses the Application for a Certificate of Appealability [Doc. No. 79] filed by Plaintiffs Melissa Gunter and Austin Gunter, which is similarly unrelated in any way to the issues on appeal because it has no procedural application in this case. This is not a habeas action, so a certificate of appealability (COA) is not required. *See Stouffer v. Mullin*, 128 F. App'x 712, 714 (10th Cir. 2005) (noting a COA was not

---

[3] To eliminate any confusion, the Court acknowledges Plaintiffs filed a "Notice of Removal" [Doc. No. 77] on October 31, 2024. But that filing is improper and ineffective for numerous reasons. Most notably, Plaintiffs failed to attach a copy of the purportedly removed state court proceedings or show that they were defendants in that case with a right to removal under 28 U.S.C. § 1441 or the statute they cite. *See* 28 U.S.C. § 1446(a); *see also id.* at § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*. . ." (emphasis added)); *id.* at § 1443 (describing certain actions that may be removed "by the *defendant*. . ."). Accordingly, because Plaintiffs did not properly remove any state court action, there is not a valid notice of removal for them to withdraw.

necessary for the appeal because the plaintiff "sought only civil rights relief and not habeas relief"); *see also Smith v. Cowman*, 208 F. App'x 687, (10th Cir. 2006) ("Because this is a § 1983 action, not a habeas corpus action, the district court properly ruled that the application for a certificate of appealability was moot."); *Hicks v. Woodruff*, 216 F.3d 1087 (Table), 2000 WL 854269, at *4 (10th Cir. June 28, 2000) (denying a request for a COA as moot because "[a]n appeal from a district court decision in a 42 U.S.C. § 1983 civil rights case does not require a certificate of appealability"). Accordingly, Plaintiffs' Application [Doc. No. 79] is DENIED as MOOT.

## IV.     Application for Order Establishing Lost or Destroyed Record [Doc. No. 75]

Plaintiffs Melissa Gunter and Austin Gunter also filed an "Application for Order Establishing Lost or Destroyed Record" [Doc. No. 75]. Plaintiffs cite 28 U.S.C. § 1734, which provides: "[a] lost or destroyed record of any proceeding in any court of the United States may be supplied on application of any interested party not at fault, by substituting a copy certified by the clerk of any court in which an authentic copy is lodged." *Id.* § 1734(a). Upon review, the Court is unable to discern what relief Plaintiffs seek or any representation by Plaintiffs regarding any lost or destroyed record "of any proceeding in any Court of the United States." *Id.*; *see also* Mot. [Doc. No. 75].[4]

The bulk of the 53-page Motion is a summary of state court child custody proceedings, and most exhibits Plaintiffs attach are records related to those state court child

---

[4] Plaintiffs also cite 28 U.S.C. § 1735, but that statute has no application in this case. *See In re Coffman*, 766 F.3d 1246, 1249 (11th Cir. 2014) (explaining § 1735 applies only "when the United States is a party to the matter and a certified copy of the record is available . . . or when the United States is the interested party seeking to establish the record[.]").

4

custody proceedings. *See* [Doc. No. 75]. The Motion does not discuss any record in this action that Plaintiffs contend has been lost or destroyed, nor does it discuss any pending or contemplated judicial, administrative, or other proceeding for which Plaintiffs need to recreate a record. *See Coffman*, 766 F.3d at 1248 ("[T]he plain text and statutory context make clear that [§§ 1734 and 1735] are evidentiary rules used to recreate a record for a pending or contemplated judicial, administrative, or other legal proceeding."); *see also Sebastian-Soler v. Noble Ex Rel. Clerk of the Ct.*, 845 F. App'x 812, 815 (11th Cir. 2021) (denying relief because the plaintiff had not shown he needed the specified record "for a legal proceeding."). As such, the Court lacks any basis to grant relief pursuant to § 1734, and Plaintiffs' Application for Order Establishing Lost or Destroyed Record [Doc. No. 75] is DENIED.

### V.     Motion for Leave to Amend [Doc. No. 76]

Finally, the Court turns to the Motion for Leave to Amend [Doc. No. 76] filed by all three Plaintiffs. Without making any observation as to the issues presented on appeal, the Court notes Ms. Gunter's first Notice of Appeal [Doc. No. 32] references the Judgment entered pursuant to the Court's Order [Doc. No. 21] dismissing this action for failure to comply with Federal Rule of Civil Procedure 8 after an opportunity to amend, and Plaintiffs now seek to amend their complaint again. *See* [Doc. No. 76]. Under these circumstances, the Court lacks jurisdiction to consider Plaintiffs' motion due to their pending appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

5

involved in the appeal."); *see also Tinner v. Coffee*, 516 F. App'x 693, 694 (10th Cir. 2013) (finding the district court properly denied the plaintiff's motion to amend his complaint for lack of jurisdiction because he filed the motion at the same time he appealed an order dismissing his complaint). Accordingly, Plaintiffs' Motion for Leave to Amend [Doc. No. 76] is DENIED. *See* Fed. R. Civ. P. 62.1(a)(2).

### VI. Conclusion

IT IS THEREFORE ORDERED as follows:

1. Plaintiff Melissa Gunter's Motion for Leave to Appeal in Forma Pauperis [Doc. No. 34] is GRANTED.

2. Plaintiffs Melissa Gunter and Austin Gunter's Application for Order Establishing Lost or Destroyed Record [Doc. No. 75] is DENIED.

3. All three Plaintiffs' Motion for Leave to Amend [Doc. No. 76] is DENIED.

4. Plaintiffs Melissa Gunter and Austin Gunter's Motion to Withdraw Notice of Removal [Doc. No. 78] is DENIED.

5. Plaintiffs Melissa Gunter and Austin Gunter's Application for Certificate of Appealability [Doc. No. 79] is DENIED.

IT IS SO ORDERED this 28th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE